Fokd, J.
concurred on the last point (that no action lies in such a case) but dissented on the first point.
White, J. and Neyihs, J. concurred in all things with Justice Dayton.
*121 IIoiiXBLOWKR, C. J.
I fully and in all things concur in the opinion just delivered by my brother Dayton. If an individual may sue a county for not keeping a bridge in repair, he may sue a township for not keeping a road in repair. If he may maintain such action for an injury done to his horse or carriage, by reason of the road or bridge being out of repair, ho may equally maintain an action for any other and for every degree of injury or inconvenience, he may suffer, by reason of a road or bridge not being in quite as good order as it ought to have been. If delayed on his journey, or unable to travel as expeditiously, or to carry as large burdens, as he might have done, had the road been in sufficient repair, he may have his action against the township for damages. This would open a new field for litigation and I think it would produce an abundant crop. It is true, our counties and townships are municipal corporations, and as such are suable at law: but the mere fact of being suable does not make them liable to an individual, for neglecting to perform a public duty. In JBro. Abr. Tit. Action sur le case, pi. 93, (cited in 2 D. and E. 669,) it is said, “ if an highway be out of repair, by which my horse is mired, no action lies,” and the reason given is, that the repair of the road, is a public duty, and the only remedy is by presentment. The principle of law, I take to be this : that where a corporate body, whether of a municipal or of a private character, owes a specific duty to an individual, an action will lie for a breach or neglect of that duty, whenever such broach or neglect has occasioned an injury to that individual: but if such corporation, owe a duty to the public, and neglect to perform it, although every individual comprising that public, is thereby injured, some more, and some less, yet they can have no private remedy, at the common law.
It is the duty for instance, of the board of freeholders, to erect and keep in repair, court houses and jails: a neglect to do so, may occasion great inconvenience, perhaps positive loss and injury to some individual whose business or duty requires his attendance at court: the building by being old and out of repair may give way, and break a man’s limbs, or occasion him an injury in some other way: but no one will pretend that in such case an action would lie by the person injured, against the county. So it is the duty of the freeholders, to build bridges where *122 the public safety and convenience requires it; but after all, they are, legislatively, to determine in what places, the public safety and convenience require bridges to be built. If in their opinion, it is not necessary to erect a bridge over a certain stream, although a vast majority of the public think otherwise; a traveller finding the stream swollen by rains, is unable to pass, and is delayed; or in attempting to ford the stream, injures his horse and carriage or his person; shall he have an action against the county for damages ? If so, then the county is liable for the error in judgment of their board of freeholders. This surely cannot be. Again, if an individual puts an obstruction, or erects a nuisance in the highway, a person injured by it, cannot sue the overseer of the township. They may he indicted for suffering the obstruction-or nuisance to remain ; but the injured party muse look to the person erecting the nuisance, for his private remedy. If it were otherwise, the overseer or township would be exposed to suits for damages, occasioned by the unlawful acts of other persons. The liability of toll bridge, rail road and turnpike companies, to respond in damages, to individuals who may be delayed or injured in their persons or property while travelling on such roads or bridges, rests upon different principles; though they are corporations of a public character, and -their roads and bridges, are public highways, and though they owe certain duties to the public, for the neglect of which they may be indicted; yet, as between them and individuals who travel upon their roads and bridges, those corporations, are quasi common carriers: they receive a toll or compensation, and are therefore bound to furnish passengers with safe roads and bridges. In my opinion the Circuit Court ought to reverse the judgment of the Common Pleas, and affirm the judgment given before the Justices.

Circuit Court instructed to reverse 'the judgment of Common Pleas, and affirm that of the Court of Small Causes.

Cited in Ward v. Newark and Pomp. T. Co., Spencer 325; State v. Freeholders of Essex, 3 Zab. 217; State v. M. & E. R. R. Co., 3 Zab. 365; Livermore v. Freeholders of Camden, 5 Dutch. 246; Cooley v. Freeholders of Essex, 3 Dutch. 415; Livermore v. Freeholders of Camden, 2 Vr. 508; Re-affirmed in Pray v. Jersey City, 3 Vr. 396-398; Cited in Proprietors of Bridges v. Hob. Land and Imp. Co., 2 Beas. 524.